IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34371-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DWAYNE OTTO RUNGE | ) | |
| also known as DWAYNE O. RUNGE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Dwayne Runge appeals his conviction and sentence for one count

of second degree possession of stolen property and two counts of second degree identity

theft. We affirm.

## FACTS

The facts of this case are known to the parties and need not be restated here. Mr.

Runge was convicted of one count of second degree possession of stolen property and

two counts of second degree identity theft. At sentencing, after defense counsel requested a low end standard range sentence, the court inquired into the applicability and desirability of a drug offender sentencing alternative (DOSA). The court ultimately imposed a 45-month sentence followed by 12 months of community custody for the two counts of identity theft. Mr. Runge appeals.

## ANALYSIS

*Ineffective assistance of counsel*

Mr. Runge contends he received ineffective assistance of counsel when defense counsel (1) failed to request a DOSA, and (2) failed to argue his offenses constituted the same criminal conduct. To demonstrate ineffective assistance of counsel, Mr. Runge must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If a defendant fails to satisfy either prong, this court need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). To show prejudice, Mr. Runge must demonstrate there is a probability that, but for counsel's deficient performance, "the result of the proceeding would have been different." *McFarland*, 127 Wn.2d at 335. There is a strong

2

presumption of effective assistance, and Mr. Runge bears the burden of demonstrating the absence of a strategic reason for the challenged conduct. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

DOSA

Mr. Runge first argues defense counsel was ineffective for failing to request a DOSA at sentencing. A DOSA is intended to provide treatment to offenders judged likely to benefit from treatment. *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005). A trial court has discretion to grant a DOSA if the offender meets all of the statutory criteria. RCW 9.94A.660. Generally, the court's decision whether to grant a DOSA is not reviewable. *Grayson*, 154 Wn.2d at 338. But an offender may challenge the procedure under which his sentence was imposed. *Id.* Here, Mr. Runge is not challenging the court's failure to impose a DOSA but is instead arguing his counsel was ineffective for not requesting that the court consider a DOSA.

Mr. Runge's ineffective assistance claim fails because defense counsel's failure to request a DOSA was reasonably strategic. Defense counsel likely made the accurate assumption that the sentencing court would not be inclined to impose a DOSA. Accordingly, it was more effective to seek a low end sentence. But in any event, Mr. Runge cannot show prejudice. A trial court has the ability to move for a DOSA

3

sua sponte. In apparent recognition of this ability, the trial court questioned defense

counsel and Mr. Runge about the applicability of and a desire for a DOSA. RCW

9.94A.660(2). After considering whether a DOSA was appropriate for Mr. Runge, the

court opted for a standard range sentence. There is no indication in the record that the

court would have decided differently had defense counsel prompted the inquiry.

*Offender score and same criminal conduct*

Mr. Runge next claims the second degree possession of stolen property and

identity theft offenses (counts I and II and counts I and III) encompassed the same

criminal conduct: using Alexandra Rich's stolen debit card. Mr. Runge argues in the

alternative that defense counsel was ineffective for failing to raise the same criminal

conduct issue.

As it relates to Mr. Runge's principal argument, he argues for the first time on

appeal that his offender score was miscalculated because the two offenses encompassed

the same criminal conduct. He has waived this argument by failing to raise it in the trial

court. *State v. Nitsch*, 100 Wn. App. 512, 520-23, 997 P.2d 1000 (2000) (holding the

defendant's "failure to identify a factual dispute for the court's resolution and . . . failure

to request an exercise of the court's discretion" waived the challenge to his offender

score); *State v. Jackson*, 150 Wn. App. 877, 892, 209 P.3d 553 (2009) (defendant waived

4

the same criminal conduct issue on appeal by failing to raise it in the trial court); *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002) (waiver can be found where the alleged error involves a matter of trial court discretion).

Recognizing the possibility of waiver, Mr. Runge alternatively argues his defense counsel was ineffective for failing to argue the two offenses encompassed the same criminal conduct. Regardless of whether defense counsel's conduct was deficient, Mr. Runge does not establish prejudice. Even if counts I and II and counts I and III are considered the same criminal conduct, the standard sentencing range is still 43-57 months.[1] The trial court imposed a sentence near the low end of this range. There is no indication the sentence would have been lower had the trial court utilized a different offender score. The salient facts about Mr. Runge's current offense and criminal history were not subject to change. The sentencing judge indicated she imposed sentences near the low end of the standard range because she wanted Mr. Runge to receive a full 12 months of community custody. Any error in Mr. Runge's offender score was not prejudicial.

---

[1] Without scoring his current offenses, Mr. Runge's offender score was an 8. The current offenses, even if considered the same criminal conduct, would have increased Mr. Runge's offender score to a 9. The trial court classified Mr. Runge's offender score as 9+. However, the standard range sentence is the same at a 9 as a 9+.

5

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

*Perjured testimony*

Mr. Runge first alleges Detective Justin Hobbs committed perjury by falsely testifying he had previously met Mr. Runge or had firsthand knowledge of Mr. Runge. Mr. Runge misrepresents Detective Hobbs's testimony. Detective Hobbs testified he had no personal experience with Mr. Runge before this investigation and learned the man on the videos was Mr. Runge during the course of the investigation. We reject this concern as unpersuasive.

*Ineffective assistance of counsel*

Mr. Runge next claims he received ineffective assistance of counsel when defense counsel (1) failed to object to Detective Hobbs's perjured testimony, (2) failed to move to suppress evidence, and (3) failed to review discovery documents. As discussed above, there was no issue with Detective Hobbs's testimony. As to Mr. Runge's remaining two allegations, he does not identify which evidence counsel should have moved to suppress and the discovery documents he discusses are not in the record on appeal. If the evidence or facts are not in the record, this court does not consider the matter on a direct appeal. *McFarland*, 127 Wn.2d at 335. The appropriate means of raising such matters is through the filing of a personal restraint petition. *Id.*

6

No. 34371-5-III
*State v. Runge*

CONCLUSION

We affirm the judgment and sentence of the trial court.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

7